■  In the Matter of the Claim of WALTER HAYMAN, Respondent, v. KEN-BERRY BAKE SHOP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board predicated upon the finding that claimant sustained a compensable accident when he "fainted and fell against a barrel injuring his head, bruising the left side of his head and causing him to suffer a subarachnoid hemorrhage." Appellants contend that no substantial evidence supports the finding of industrial accident and assert that the hemorrhage caused the unwitnessed fall. The employer's report of injury, however, filed some 14 days after the accident, stated as the cause of accident: "Finished his work, coming out of men's room fainted and fell against barrel, injured his head"; and about one month after the accident a physician obtained from claimant the history that he "was knocked down by a barrel while on the job". If the employer's report and the medical history (for which there was additional corroboration in the physical circumstances of the accident area) furnished inadequate support for an award, certainly they were sufficient to invoke and augment the presumption of compensable accident, which was countered by no substantial evidence to the contrary. (Workmen's Compensation Law, § 21, subd. 1; *Matter of Hoffman* v. *Grain Handling Co.*, 7 A D 2d 675, motion for leave to appeal denied 5 N Y 2d 709.) The findings that claimant fell from a cause other than the subarachnoid hemorrhage and that the latter was induced by his head striking the barrel bring the case within the added risk doctrine applied in idiopathic fall cases of this nature. (See, e.g., *Matter of Connelly* v. *Samaritan Hosp.*, 259 N. Y. 137.) The board was, of course, entitled to credit claimant's testimony (which had some support in testimony of appellants' medical expert) that he had no recollection of the accident; and, of course, was not bound to reject the evidence of claimant's physician as to causal relation merely because he admitted the possibility of a spontaneous hemorrhage. Indeed, appellants' expert testified that if claimant did strike his head the blow could have precipitated the subarachnoid hemorrhage. We find no merit in appellants' contention that the board's additional and perhaps gratuitous finding that the "failure to timely file notice of controversy precludes carrier from pleading that the injury did not arise out of and in the course of the employment" indicates that the board failed to consider and weigh the testimony adduced by appellants. Despite the concededly late filing, actually no proffered evidence was excluded and, in fact, at one point and after a Referee's decision adverse to appellants, the board restored the case to the Referee's calendar "for full development of the record"; and thereafter in its memorandum decision upon the completed record found that "the *weight* of evidence supports a finding of accident" (emphasis supplied) and in its formal findings properly determined causation. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.